UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                             :
RALPH HALL,                     :     10 Civ. 3877 (LAP)
                             :
           Petitioner,    :     ORDER ADOPTING REPORT
                             :     & RECOMMENDATION
   v.                           :
                             :
DARWIN LE CLAIRE & NORMAN BEZIO   :
                             :
          Respondents.    :
                             :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

       Petitioner Ralph Hall ("Petitioner" or "Hall"), pro
se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254
to challenge his 2005 New York State court conviction. (See
Amended Petition, dated May 24, 2010 [dkt. no. 4].) On October
7, 2005, Petitioner was sentenced by the New York State Supreme
Court, New York County, to an indeterminate prison term of
twenty-five years to life each on one murder and one attempted
murder count, as well as additional prison terms for assault,
robbery, and weapon possession. (See Sentencing before Justice
Charles Tejada, dated Oct. 7, 2005 [dkt. no. 195 app'x 9], at
102-26.)

       The conviction was the result of the robbery and
murder of Nnandi Ben-Jochannan, as well as the attempted murder
of Mr. Ben-Jochannan's young son.

This Petition was referred to United States Magistrate Judge Kevin Nathaniel Fox.  (Order Referring Case to Magistrate Judge, dated July 1, 2013 [dkt. no. 170].)  On October 3, 2014, Judge Fox issued a Report and Recommendation.  (See Report and Recommendation, dated Oct. 3, 2014 [dkt. no. 253] (the "Report").)  The Report recommends that this Court deny Petitioner habeas relief.  (Report at 19.)

Petitioner submitted timely objections to the Report pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure.  (Pro Se State Petitioner's Objection and Response to U.S. Magistrate's Report Recommendations, dated Oct. 13, 2014 [dkt. no. 255] (the "Objections")); Cover Letter to Petitioner's Objections, dated Oct. 13, 2014 [dkt. no. 256] (the "Cover Letter").)  Petitioner has also continued to send to the Court voluminous correspondence, but for purposes of reviewing the Report the Court will consider only the Objections and Cover Letter which were timely submitted to constitute Petitioner's formal objections, as even a pro se litigant is expected to be in "compliance with relevant rules of procedural and substantive law."  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

Respondents did not submit formal objections to the Report but did submit a response to Petitioner's objections. (Response to Petitioner's Objections, dated Oct, 27, 2014 [dkt.

2

no. 258]; see also Fed. R. Civ. P. 72(b)(2) ("A party may
respond to another party's objections within 14 days after being
served with a copy.").)

      In light of Petitioner's objections, and upon de novo
review of the objected-to portions of the Report, see Fed. R.
Civ. P. 72(b), the Report [dkt. no. 253] is ADOPTED in full.
Respondent's Objections [dkt. nos. 255-56] are OVERRULED.
Further, the Court denies Petitioner a certificate of
appealability, pursuant to 28 U.S.C. § 2253(c), to the Court of
Appeals. See 28 U.S.C. § 2253(c)(2) ("A certificate of
appealability may issue . . . only if the applicant has made a
substantial showing of the denial of a constitutional right.").


I.  BACKGROUND

      The Court assumes familiarity with the full background
of this case as set forth in the Report and in its prior Orders
but recounts some of the case's procedural history. (See Report
at 2-7.)

      After Petitioner's conviction, he pursued a direct
appeal in state court with the assistance of appointed counsel.
While counsel raised four separate grounds for relief,
Petitioner nonetheless submitted a pro se brief outlining a
number of other grounds. (Supplemental Pro Se Brief to
Appellate Division, dated Jan. 6, 2010 [dkt. no. 195 app'x 1],

at 67-84.)  The Supreme Court, Appellate Division, ultimately affirmed the judgment against Petitioner, rejecting both the claims by counsel as well as the pro se claims.  People v. Hall, 923 N.Y.S.2d 428 (N.Y. App. Div. 2011).  Leave to appeal that decision to the New York Court of Appeals was denied, and the United States Supreme Court denied certiorari.  Id., lv. denied, 965 N.E.2d 965 (N.Y. 2012), cert. denied, 133 S. Ct. 193 (2012).

On October 25, 2007, Hall filed his initial petition for a writ of habeas corpus, challenging his conviction.  That petition was dismissed as premature because Hall's direct appeal was still pending.  (Order of Dismissal, dated Jan. 14, 2008, No. 08 Civ. 294 [dkt. no. 3].)  On October 16, 2009, Hall filed an application with the United States Court of Appeals for the Second Circuit for permission to file a second and successive petition.  (Application for Leave to File a Second or Successive Habeas Corpus Petition, dated Oct. 16, 2009, No. 09-4291-pr.) The Court of Appeals held that Hall's application was not a second and successive petition because the original petition was dismissed as premature and, thus, not adjudicated on the merits. (Amended Order, dated Jan. 15, 2010, No. 09-4291-pr, No. 08 Civ. 294 [dkt. no. 5].)

On May 11, 2010, this Court directed Hall to file an amended petition listing all grounds he planned to pursue and whether those grounds were exhausted in state court.  (Order,

4

dated May 11, 2010 [dkt. no. 2].)  On June 3, 2010, while his direct appeal was still pending, Hall filed an amended petition as directed by the court.  (Amended Petition, dated May 25, 2010 [dkt. no. 4].)

   The Court denied the Amended Petition's excessive delay claims, finding that the state appellate court's delay did not violate Hall's right to due process.  (Order, dated Sept. 15, 2010 [dkt. no. 10].)  The order also stated, however, that "[i]f one year from now Petitioner's appeal is still adjourned, he may refile the claim of excessive delay . . . ."  (Id. at 7.) Petitioner subsequently filed two documents, one titled a "Refile Petition," [dkt. no. 17], and another titled "Petition to Refile," [dkt. no. 21];[1] these were purportedly submitted in accordance with the Court's September 15, 2010 order, but they contained claims in addition to the permitted excessive delay claim.

   Throughout the pendency of this case Hall has filed a number of additional letters, petitions, and other documents with the Court.  To the extent that any of them has been construed as a motion, each has been denied by the Court.  (See Order, dated Sept. 6, 2010 [dkt. no. 201] (denying motions to

---

[1] The "Petition to Refile" was initially filed as a separate habeas petition under a different docket number, but that case was dismissed, and the pleadings therein were consolidated with the current case.  (See Order of Dismissal, dated Nov. 17, 2011, No. 11 Civ. 6850 [dkt. no. 3].)

appoint counsel, to further prosecute, to compel state court
action, and for reconsideration); Order, dated Sept. 26, 2013
[dkt. no. 205] (denying renewed motion for appointment of
counsel); Order, dated Aug. 20, 2014 [dkt. no. 250] (denying
motions for reconsideration of denial of appointment of counsel,
for writ of mandamus, and for recusal); Order, dated Sept. 22,
2015 [dkt. no. 323] (denying motions for appointment of counsel,
for writ of mandamus, and for production of documents).)   The
Court also notes that, as stated in its previous Orders, these
repeated filings have been in violation of multiple Orders by
this Court and have resulted in the delay of Petitioner's
underlying habeas application.


II.  STANDARD OF REVIEW

    A.  District Court's Review of the Report

        A district judge may reconsider any pretrial matter
decided by a magistrate judge "where it has been shown that the
magistrate judge's order is clearly erroneous or contrary to
law."  28 U.S.C. § 636(b)(1)(A).  Additionally, a "district
judge must determine de novo any part of the magistrate judge's
disposition that has been properly objected to.  The district
judge may accept, reject, or modify the recommended disposition;
receive further evidence; or return the matter to the magistrate

judge with instructions." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

The parties also have a right to file objections to the proposed findings and recommendations, and a party may respond to another party's objections. Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).

## B.   Construal of Pro Se Pleadings

Here, Petitioner appears pro se, and, because he acts without the benefit of counsel, this Court must construe his pleadings liberally and is "constrained to conduct our examination with 'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006)). However, the Court is still required to "examine such complaints for factual allegations sufficient to meet the plausibility requirement," id., and, as noted supra, a pro se litigant is still expected to be in "compliance with relevant rules of procedural and substantive law." Traguth, 710 F.2d at 95 (quoting Birl, 660 F.2d at 593).

C.   28 U.S.C. § 2254 Claims

The present petition is brought pursuant to 28 U.S.C. § 2254, which allows "a person in custody pursuant to the judgment of a State court" to seek a writ of habeas corpus, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

In addition the requirement that habeas only be granted for violation of the Constitution or federal laws or treaties, there are also a number of procedural bars to granting a habeas writ pursuant to § 2254.

First, the petitioner must have exhausted his state court remedies or there must be "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A)-(B).  "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court . . . and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim."  Ramirez v. Attorney Gen. of N.Y., 280 F.3d 87, 94 (2d Cir. 2001).  The court may also deny an application on the merits, without reaching the issue of exhaustion.  28 U.S.C. § 2254(b)(2).

8

Further, in order for a court to grant a writ pursuant to § 2254, any claim which has been "adjudicated on the merits in State court proceedings" must have either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court decision is considered an "adjudication on the merits" when it "(1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." Fischer v. Smith, 780 F.3d 556, 560 (2d Cir. 2015) (quoting Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001)).   In analyzing whether a state court disposition is "on the merits," the court looks to "(1) the state court's opinion, (2) whether the state court was aware of a procedural bar, and (3) the practice of state courts in similar circumstances." Id. (quoting Spears v. Greiner, 459 F.3d 200, 203 (2d Cir. 2006)).


III. DISCUSSION

As noted above, this Court construes Petitioner's pleadings liberally.   To that end, the Court attempts to address Petitioner's objections, whether or not they directly relate to

a finding of the Report.  However, the Court also limits its
analysis below to those objections that were timely filed with
the Court in response to the Report, namely the Objections,
[dkt. no. 255], and the Cover Letter, [dkt. no. 256].  See Fed.
R. Civ. P. 72(b).

A.    Objection Pursuant to Federal Rule of Civil Procedure
      5(b)

      Petitioner's first objection is that Respondents
failed to answer his petition as required by Federal Rule of
Civil Procedure 5(b).  (See Objections ¶ 1.[2])  That Rule states,
in relevant part: "A paper is served under this rule by . . .
mailing it to the person's last known address—in which event
service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C).
Here, Respondents filed an Affidavit of Service stating that
Respondent's answer, as well as the accompanying memorandum of
law and attached exhibits, were served upon Petitioner via the
United States Postal Service.  (Affidavit of Service, dated Aug.
16, 2013 [dkt. no. 197].)  Absent a more concrete allegation by
Petitioner as to how Respondents have failed to meet the

---

[2] The paragraphs in Petitioner's Objections are numbered
inconsistently, and so in the interests of clarity the Court
refers to the Objections' page numbers or paragraph numbers.

requirements of Rule 5(b), the Court finds no merit in this objection.

Petitioner further contends that the Court should deem his petition unopposed because of Respondent's purported failure to serve an answer.  (See Objections at 12.)  In support of this contention, he refers to the footnote on page two of the Report, stating that this footnote "implies Respondent's answer fails to address the allegations, grounds or claims raised by petition for federal habeas corpus."  (Id.)  That footnote reads, in its entirety: "The respondents interpret Hall's Amended Petition to allege, in addition to these claims, those raised on his direct appeal.  However, a review of the Amended Petition indicates that Hall's application for habeas corpus relief is based on the claims set forth above."  (Report at 2 n.1.)  The Report does not state or imply that the petition was unopposed.  Rather, it merely indicates that Respondents' grounds for opposition were overly broad.

Accordingly, for the reasons stated above, Petitioner's objection is OVERRULED.


B.   Objection Regarding Report's Use of Estelle v. McGuire

Petitioner next objects to a particular case cited by the Report.  Petitioner alleges that the Report's use of Estelle v. McGuire, 502 U.S. 62 (1991), was inappropriate and that

11

<u>Jefferson v. Upton</u>, 560 U.S. 284 (2010), is the "controlling substantive law." (Objections ¶ 1.)

The Report cites <u>Estelle</u> for the proposition that "the violation of a state statute is not a basis for granting federal habeas corpus relief." (Report at 15.) The Report continues on to note that "[r]elief on the basis of a petition for habeas corpus is available to a state prisoner only if the prisoner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" (<u>Id.</u> (quoting 28 U.S.C. § 2254(a)).)

Petitioner's objection may have stemmed from a misunderstanding of the Report's conclusion. The Court understands the Report correctly to find that the violation of a state statute is not a <u>sufficient</u> condition to grant federal habeas relief. Rather, a "violation of the Constitution or laws or treaties of the United States" must be found, though such a violation may also parallel the violation of a state law.

Further, though <u>Jefferson</u> was decided by the Supreme Court in 2010, the analysis in that case pertains to an older version of § 2254 and thus is largely inapplicable to the present case. <u>Jefferson</u>, 560 U.S. at 295 (Scalia, J., dissenting) (discussing the application of "[t]he prior version of 28 U.S.C. § 2254(d) (1994 ed.) applicable in this case")). In <u>Jefferson</u>, the Court found that the lower court had acted improperly in that it applied only one of eight potential

exceptions to a § 2254 claim and ignored the other seven; however, those eight exceptions do not appear in the current version. Id. at 292-94; see also 28 U.S.C. § 2254(d).

Accordingly, Petitioner's objection is OVERRULED.

C.    Objection Regarding Trial Record Availability

Petitioner also objects that his due process rights have been violated by the failure of the appellate court to review the trial court records.  In support, Petitioner cites New York Judiciary Law § 295.  (Objections ¶ 3.)  This law requires that a stenographer "take complete stenographic notes of each ruling or decision of the presiding judge, and when the trial is by jury each and every remark or comment of such judge during the trial" and "each and every exception taken . . . by or on behalf of any party to the action."  N.Y. Jud. Law § 295. The Court understands Petitioner's objections to allege that the Appellate Division, in reviewing Petitioner's case upon direct appeal, did not have a record of the trial proceedings. Similarly, Petitioner makes various references to pro se motions which were not included on the record.  (See, e.g., Objections at 6 (referencing "the unrecorded CPL 330.30 [motion]").)

However, Petitioner fails to provide support for this allegation beyond conclusory statements.  Further, the evidence in fact shows that such motions were on the record.  For

13

example, the affirmation of Petitioner's appellate counsel, attached to the Respondent's Answer along with a transcript of the trial itself, shows that the 330.30 motion was included as part of the appellate record. (See Affirmation of Kelly Elgarten, dated Feb. 7, 2008 [dkt. no. 195 app'x 4], at 10-19 ("Mr. Hall's motion appears to be predicated on the notion that appellate counsel is not in possession of C.P.L.§ 330.30 motion papers dated October 7, 2005. Appellate counsel was, however, provided with those motion papers as part of the record on appeal. (A copy is annexed as ex. A).").) Additionally, the Appellate Division decision in Petitioner's direct appeal notes that it had received and reviewed his pro se brief, though it rejected the claims on the merits. People v. Hall, 923 N.Y.S.2d at 433 ("We have considered defendant's remaining claims, including those in his supplemental pro se brief, and find them unavailing.").

Petitioner's objection is therefore OVERRULED.


D.    Objection Regarding Ineffective Assistance of
      Appellate Counsel

Petitioner also alleges ineffective assistance of appellate counsel based on an allegation that his appellate "counsel failed to advance and serve as active advocate regarding pro-se motion." (Objections ¶ 15.) Petitioner

14

further alleges ineffective assistance based on the contention that his appeal "should have been taken by affidavit of error." (Id. (citing People v. Bartholomew, 918 N.Y.S.2d 859 (Broome County Ct. 2011)).)

Claims that counsel provided ineffective assistance are analyzed under the framework established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the movant. Id. at 687. A court may reject an ineffective assistance claim if it fails either prong of the Strickland test. Id. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

A movant satisfies the first prong of the Strickland standard by showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. However, "[u]nder Strickland, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Palacios v. Burge, 589 F.3d 556, 561 (2d Cir. 2009) (quoting Strickland, 466 U.S. at 689). A movant can overcome this presumption by demonstrating that "counsel's

15

performance was unreasonably deficient under prevailing professional standards." Nosov v. United States, 526 F. App'x 127, 128 (2d Cir. 2013) (summary order) (citing Strickland, 466 U.S. at 687). In the appellate context, "a petitioner may establish constitutionally inadequate performance [of appellate counsel] if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Lynch v. Dolce, 789 F.3d 303, 311 (2d Cir. 2015) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.1994)).

To satisfy the second prong of the Strickland standard, a movant must show that he has suffered prejudice as a result of counsel's deficient performance. Strickland, 466 U.S. at 687. To establish prejudice the movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To establish prejudice in the appellate context, a movant "must show that, had his claim been raised on appeal, there is a reasonable probability that it would have succeeded before the state's highest court." Lynch, 789 F.3d at 311.

As noted above, a violation of state law or procedure is insufficient to warrant federal habeas review, absent a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although a successful showing of

16

ineffective assistance would warrant habeas relief, Petitioner
has not made such a showing here.

First, with regards to Petitioner's claim that the
appeal "should have been taken by affidavit of error," even
assuming that Petitioner's interpretation of the law is correct,
Petitioner has not made more than conclusory allegations of
prejudice as a result of any procedural deficiency.
Accordingly, Petitioner has not met the Strickland ineffective
assistance standard.  See Strickland, 466 U.S. at 697 ("If it is
easier to dispose of an ineffectiveness claim on the ground of
lack of sufficient prejudice . . . that course should be
followed.").  Further, the Appellate Division did hear
Petitioner's appeal and apparently found no procedural error, as
the case was adjudicated upon the merits.  People v. Hall, 923
N.Y.S.2d 428.  And finally, though this Court need not and does
not interpret state procedural requirements on this point, the
Court notes that the holding in Bartholomew, cited by
Petitioner, does not seem to be applicable here, as the statute
interpreted by that case pertained to "local criminal courts"
not including the New York State Supreme Court where Petitioner
was tried.  See Bartholomew, 918 N.Y.S.2d 859; see also N.Y.
Crim. Proc. Law § 10.10 (defining "superior court" as including
Supreme Court, and "local criminal court" as including other
local courts).

17

With regard to Petitioner's allegation of ineffective appellate counsel due to failure to advocate on Petitioner's chosen grounds, it is well established that an appellate attorney has no duty to raise every possible issue on appeal. See Lynch, 789 F.3d at 311 ("In [the appellate] context, counsel has no duty to raise every non-frivolous issue that could be raised. . . . Nevertheless, appellate counsel's performance must meet prevailing professional norms."). Further, as the Report notes, "many of the claims raised by Hall in his pro se supplemental appellate brief, state habeas corpus petition and C.P.L. § 440.30 motion are duplicative of those raised by appellate counsel, thus undermining Hall's contention that appellate counsel omitted them improperly." (Report at 18-19.) And finally, Petitioner does not establish prejudice as required by Strickland, particularly given that the state Appellate Division considered the claims made in his pro se brief and rejected them on their merits.

Therefore, for the reasons stated above Petitioner's objection is OVERRULED.

### E.    Petitioner's Excessive Delay Claim

Petitioner initially pursued a claim of excessive delay with regard to the amount of time before his direct appeal was heard by the state appellate court.  The Report devotes

significant discussion to this claim. (Report at 9-14.) However, in his Objections Petitioner has made clear that he no longer wishes to pursue this claim; at the very least, Petitioner did not object to this portion of the Report, and so the Court need not review it de novo. (See Objections at 25 ("[T]he ground alleging 'excessive delay' . . . was resolved . . . .").)

F.   Allegation of "Ineffective" State Correction Process

Petitioner further objects that the state court corrective process was rendered ineffective. (See Objections ¶ 6.) This appears to be a reference to a subsection of § 2254 which states that a writ of habeas corpus is not to be granted unless, inter alia, "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii).

One example of such circumstances "that render such process ineffective" is "substantial delay in the state criminal appeal process," but here Petitioner has withdrawn that claim. Roberites v. Colly, 546 F. App'x 17, 19 (2d Cir. 2013) (summary order) (quoting Cody v. Henderson, 936 F.2d 715, 718 (2d Cir. 1991)).

Further, Petitioner has not supported his contention that the corrective process was rendered ineffective by anything

other than conclusory allegations.  Accordingly Petitioner's
objection is OVERRULED.


    G.    <u>Objection on Equal Protection and Privileges and
Immunities Grounds</u>

       Petitioner alleges that "[s]tate court deprived
Petitioner of equal protection, or equal privileges, and
immunities."  (Objections ¶ 8.)  Petitioner cites three state
statutes which he contends create "due process entitlements,"
and which were, he alleges, violated by the state courts: N.Y.
C.P.L.R. 5525(c) and N.Y. Crim. Proc. Law §§ 710.60(6) and
460.10(3)(e).  (<u>Id.</u>)  Petitioner fails to detail facts to
support these assertions and does little more than make
conclusory allegations, but the Court nevertheless addresses the
applicability of these statutes.

       First, C.P.L.R. 5525 is a procedural rule governing
the preparation and amendment of a trial transcript for purposes
of an appeal.  N.Y. C.P.L.R. 5525.  Subsection (c) concerns the
amendment of a transcript.  N.Y. C.P.L.R. 5525(c).  Based on
other sections of Petitioner's Objections, it seems likely that
this objection relates to his allegation that his New York
Criminal Procedure Law § 330.30 motion to set aside the verdict,
made at trial, was improperly excluded from the transcript.
(<u>See, e.g.</u>, Objections at 6 (referencing "the unrecorded CPL

330.30 [motion]").)  However, as discussed above, the affirmation of his appellate counsel states that she received a copy of the motion as part of the record on appeal.  (See Affirmation of Kelly Elgarten, dated Feb. 7, 2008 [dkt. no. 195 app'x 4], at 10-19.)  Therefore, without any further supporting facts or more substantive allegations, the Court cannot find a violation of the equal protection or privileges and immunities clauses as they relate to C.P.L.R. 5525 in this case.

The second statute cited by Petitioner in this objection is Criminal Procedure Law § 710.60, which governs the procedural requirements for a motion to suppress evidence.  N.Y. Crim. Proc. Law § 710.60.  Subsection (6) reads, in full: "Regardless of whether a hearing was conducted, the court, upon determining the motion, must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination."  N.Y. Crim. Proc. Law § 710.60(6).

Without more specific allegations, the Court can only presume that Petitioner is alleging that the trial court either sustained or overruled a motion to suppress without making such a record; however, it is impossible to determine which evidence Petitioner alleges was wrongfully admitted or suppressed. Moreover, upon a review of the trial transcript, it is clear that the trial court did set forth, on the record, comprehensive findings of fact in relation to a suppression hearing before

21

issuing its determination.  (See Transcript of Wade Hearing
before Justice Tejada, dated Aug. 24, 2005 [dkt. no. 195 app'x
5], at 58-67.)  Accordingly, the Court does not find that any
constitutional violations related to that statute occurred.

The third statute cited by Petitioner in this
objection is Criminal Procedure Law § 460.10, which governs some
procedural aspects of the state appeal process.  N.Y. Crim.
Proc. Law § 460.10.  Subsection (3)(e), to which the Petitioner
cites, states that if the local criminal court fails to provide
certain information concerning its decisions, then the appellate
court can order it to do so; however, this is only applicable to
"a local criminal court in a case in which the underlying
proceedings were not recorded by a court stenographer."  N.Y.
Crim. Proc. Law § 460.10(3).  Petitioner has cited to this
statute elsewhere in his objections as well.  (E.g. Objections ¶
7.)

Once again, Petitioner makes only conclusory
allegations and brings forth nothing substantive from which the
Court could conclude that he is the victim of constitutional
violations somehow related to this law.  Further, as noted
above, this statute is inapplicable to Petitioner's case because
he was tried in the state Supreme Court, which does not fall
within the statute's definition of "local criminal court."  See
N.Y. Crim. Proc. Law § 10.10.

Accordingly, Petitioner's objection on these grounds is OVERRULED.

### H.   Objection to Report's Use of Amended Petition

Finally, Petitioner has generally objected to the Report having analyzed Petitioner's amended petition, [dkt. no. 4], rather than having performing an analysis of the "Refile Petition," [dkt. no. 17] or "Petition to Refile," [dkt. no. 21]. (See Objections at 27; Cover Letter at 1). Petitioner also seems to conflate the latter two, referring interchangeably to the "Refile Petition at docket entry no. 17" and to the "Sept. 23, 2011 petition," which is the "Petition to Refile" at docket number 21. (Objections at 27.)

As noted above, Petitioner was given leave to refile his excessive delay complaint at a later date. (Order, dated Sept. 14, 2010 [dkt. no. 10].) However, when Petitioner did submit additional filings purportedly pursuant to that Order, the new petitions were not limited to the excessive delay claim. (See Refile Petition, dated Aug. 1, 2011 [dkt. no. 17]; Petition to Refile, dated Sept. 23, 2011 [dkt. no. 21].) Indeed, although the excessive delay claim is the only claim that Petitioner received leave to refile, Petitioner has since abandoned that claim as indicated in his Objections. (See Objections at 25.) Therefore, the Report was warranted in

responding to the Amended Petition, [dkt. no. 4], as that is the petition filed in accordance with proper procedure and with the Court's leave.  Though the Court does construe Petitioner's pleadings liberally, he is still constrained by the Orders of this Court and by procedural rules.  See <u>Traguth</u>, 710 F.2d at 95.

Therefore, for the reasons stated above, Petitioner's objection on this ground is OVERRULED.

IV.    CONCLUSION

For the foregoing reasons, the Report [dkt. no. 253] is ADOPTED in its entirety, and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.  A Certificate of Appealability to the Court of Appeals pursuant to 28 U.S.C. § 2253(c) is DENIED.  Petitioner's objections [dkt. nos. 255-56] are OVERRULED.  The Clerk of the Court shall mark this matter closed and all pending motions denied as moot.  IT IS FURTHER ORDERED that the Clerk of Court mail a copy of this judgment to Petitioner and note service on the docket.


SO ORDERED.

DATED:     New York, New York
           October 20, 2015


           LORETTA A. PRESKA
           Chief U.S. District Judge