UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RALPH HALL,

                Petitioner,

    -against-

DARWIN LeCLAIR (AND) NORMAN BEZIO,

                Respondents.

10-CV-3877 (LAP)

ORDER

---

LORETTA A. PRESKA, United States District Judge:

By order dated January 29, 2018, the Court denied Petitioner Ralph Hall's ("Hall") motion for reconsideration, brought under Rule 60(b) of the Federal Rules of Civil Procedure, and construed it as also brought under Rule 59(e). (ECF No. 370.) In that motion, Hall sought reconsideration of the Court's October 21, 2015 order denying his petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254, where Hall challenged his 2005 state-court conviction. (ECF No. 330.)

The Court is now in receipt of Hall's second motion for reconsideration. (ECF No. 378.) For the following reasons, the Court denies the motion.

## I. BACKGROUND

The Court assumes familiarity with the full background of this case but recounts some of the case's procedural history.

### A.    Section 2254 proceedings

In its order adopting the report and recommendation and denying Hall's § 2254 petition, the Court overruled Hall's objection to the availability of trial court records and the Appellate Division's alleged failure to review those records. Hall claimed that the Appellate Division had not reviewed his N.Y. C.P.L. § 330.30 motion before rendering its decision. In overruling this

objection, the Court found that Hall's claim was unsupported by any factual allegations. The Court also found that the record showed that the § 330.30 motion and other trial court records "were on the record." (ECF 330, at 13) (emphasis in original).

The Court also overruled Hall's objection to Magistrate Judge Kevin N. Fox's use of the Supreme Court case, *Estelle v. McGuire*, 502 U.S. 52 (1991), in his report and recommendation (the "*Estelle* ground").

**B.     First Motion for Reconsideration**

In Hall's November 5, 2015 motion for reconsideration, he argued that the Court had not considered all of his *habeas corpus* grounds, raised in various submissions, when the Court denied his § 2254 petition. In denying the reconsideration motion, the Court noted that it had "considered and adjudicated all of Petitioner's asserted grounds for *habeas corpus* relief" and concluded that Hall failed to show that the Court overlooked any controlling law or factual matters that would cause the Court to vacate its denial of his petition, or stated any facts demonstrating that extraordinary circumstances existed to warrant relief. (ECF No. 370, at 10.)

**C.     Second Motion for Reconsideration**

In his new motion, Hall alleges that the

> habeas proceeding was assertedly 'undermined' by [the] District Court's interpretation that 330.30 motion was part of the appealable extrinsic record, rather than was relegated to the 'unappealable' intrinsic judgment roll record. The District Court's failure to distinguish pro-se Petitioner's denial of due process claims as a 5th and 14th U.S. Const. Amendment violation – relates to the integrity of the federal habeas proceeding . . . .
>
> . . .
>
> Where the District Court determined Petitioner's habeas corpus rest[ed] upon[ ] state court's violation of state law . . . the District Court failed to realize[ ] [the] state court did not record the requested stenographic summary of [the] 330.30 motion for purposes of Appellate Review.

(ECF No. 377, at 3, 4.)

2

Hall also reasserts the *Estelle* ground raised in his objections to the report and recommendation, claiming that the "District Court has applied Supreme Court law in a manner that reasonable jurist would all agree is unreasonable." (ECF No. 377, at 4-5.)

## II. DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). Where a party seeks relief based on reasons (1)–(3), he must do so within one year after the entry of judgment; if he seeks relief based on reasons (4)-(6), he must do so within a reasonable time. *See* Fed. R. Civ. P 60(c)(1). Because that one-year limitation period long expired, the Court denies the motion as to reasons (1)-(3). Because reasons (4)-(5) are not relevant here, the Court turns to reason (6).

Where a petitioner challenges the denial of a *habeas corpus* petition in a motion brought under Rule 60(b), "relief . . . is available . . . only when the Rule 60(b) motion attacks the integrity of the . . . *habeas* proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). A petitioner must show "extraordinary circumstances [to] justify[ ] the reopening of a final judgment," which "rarely occur[s] in the *habeas* context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Hall fails to show that extraordinary circumstances warrant the reopening of this proceeding. He instead disagrees with the Court's findings in its decision to overrule his

3

objections. As Hall does not state any facts suggesting that those findings should be disturbed, the Court denies the motion.

### III. CONCLUSION

The Court denies Hall's motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 377.)

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Hall and note service on the docket.

SO ORDERED.

Dated: January 6, 2022
New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
United States District Judge

4