UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH HALL<br><br>                    Petitioner,<br><br>-against-<br><br>DARWIN LE CLAIRE & NORMAN BEZIO,<br><br>                    Respondents. | 10-CV-3877 (LAP)<br><br><u>OPINION AND ORDER</u> |

LORETTA A. PRESKA, Senior United States District Judge:

 Before the Court is Petitioner Ralph Hall's <u>pro se</u> motion for reconsideration. (<u>See</u> dkt. nos. 384-86, 388.) The present motion challenges this Court's order denying his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254, pertaining to his 2005 state court conviction. (<u>See</u> dkt. no. 330.)  By order dated January 6, 2022, the Court denied Petitioner Ralph Hall's first motion for reconsideration, brought under Federal Rule of Civil Procedure 60(b).  (<u>See</u> dkt. no. 379.)  Mr. Hall filed a subsequent motion for reconsideration on December 28, 2021, (dkt. no. 377), which this Court denied.  (<u>See</u> dkt. no. 379.)

 Mr. Hall has now filed his third motion for reconsideration pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) and 60(d)(3).  For the following reasons Mr. Hall's motion is denied.

I. **Background**

The Court assumes some familiarity with the background of this case as set forth in prior orders but recounts some of the case's relevant procedural history below.

### a. Section 330.30 Motion

On October 7, 2005, a jury in New York County convicted Mr. Hall of murder, attempted murder, robbery, weapon possession, and attempted assault. (See dkt. no. 1 at 3.) While awaiting sentencing, Mr. Hall moved to set aside his conviction under Criminal Procedure Law (CPL) § 330.30. (See dkt. no. 125.) The State Supreme Court judge denied the motion. (See dkt. no. 255 at 5.)

### b. Section 2254 Proceedings

On May 11, 2010, Mr. Hall filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See dkt. no. 1.) In his petition, Mr. Hall alleged that his conviction was obtained unlawfully because his pro se § 330.30 motion was not a part of the appellate record and thus could not be reviewed by the appellate court. (See dkt. no. 253 at 1, 14.) This Court, in adopting Magistrate Judge Kevin N. Fox's Report and Recommendation, denied Mr. Hall's petition. The Court found that Mr. Hall's claims regarding the availability of trial court records and the alleged failure of the appellate court to review them were unsupported by any factual allegations. (See dkt. no. 330 at 13.)

2

Notably, the Court found that the § 330.30 motion and other trial court records at issue "were on the record" for Mr. Hall's direct appeal in the New York State Appellate Division. (Id.) Mr. Hall's habeas counsel submitted an affirmation to the Appellate Division stating that he was "provided with the [§ 330.30] motion papers as part of the record on appeal." (See dkt. no. 253 at 15.) According to Judge Fox's Report and Recommendation, Mr. Hall's counsel "incorporated [the § 330.30 motion's arguments] into the appellate brief." (See id. at 16.) In adopting Judge Fox's Report and Recommendation, this Court held that Mr. Hall failed to provide evidence beyond conclusory statements that his § 330.30 motion was not part of the record in his state court appeal. (See dkt. no. 330 at 13.)

### c. First Motion for Reconsideration

In his first motion for reconsideration, dated November 5, 2015, Mr. Hall argued that the Court had not considered all of the issues raised in his various habeas corpus submissions. The Court denied Mr. Hall's motion, holding that it had adjudicated all of his asserted grounds for relief and Mr. Hall had not shown that the Court overlooked any controlling law or facts. (See dkt. no. 370 at 10.) Further, the Court held that Mr. Hall had not demonstrated any facts pointing to extraordinary circumstances existing to warrant the relief he sought. (See id.)

3

**d. Second Motion for Reconsideration**

Mr. Hall filed a second motion for reconsideration on December 28, 2021, in which motion he argued that the state court included his § 330.30 motion in the "'unappealable' intrinsic judgment roll record" as opposed to the "appealable extrinsic record" and, therefore, his judgment was obtained by fraud. (See dkt. no. 377 at 3-4.) The Court once again denied this second motion for reconsideration, holding that Mr. Hall failed to demonstrate "that extraordinary circumstances warrant the reopening of his proceeding." (See dkt. no. 379 at 3-4.)

**e. Third Motion for Reconsideration**

By a series of papers, Mr. Hall filed the instant motion for reconsideration on April 5, 2024. (See dkt. nos. 384-86, 388.) Mr. Hall once again asks the Court to reverse its denial of the habeas petition he filed in 2010. Mr. Hall seeks relief pursuant to Rule 60 subsections (b)(6) and (d)(3).

Specifically, Mr. Hall argues that the § 330.30 motion he filed in New York state court was absent from the record during his direct appeal in the New York State Appellate Division, amounting to perjury and fraud on the court. (See dkt. no. 384 at 2.) According to Mr. Hall's submissions, his appellate attorney committed fraud on the court by claiming that his § 330.30 motion was not absent from the record on direct appeal, (see id. at 5), and perjury by claiming that the record was proper, (see id. at 8).

4

The New York County District Attorney's office filed its opposition brief on May 14, 2024, arguing that Mr. Hall had not asserted any arguments attacking his habeas denial. (See dkt. no. 389.)  Mr. Hall filed his pro se reply on July 10, 2024.  (See dkt. 394.)

II. **Discussion**

The Court construes pro se motions liberally and interprets them to raise the strongest arguments they suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (citations omitted).  However, a pro se litigant is still expected to comply with the relevant procedural rules of Rule 60(b).  See Azkour v. Little Rest Twelve, 2017 WL 1609125, at *4 (S.D.N.Y. April 28, 2017) (noting the statute of limitations for Rule 60(b) motions is absolute even if the plaintiff is bringing the motion pro se).

    a. **Rule 60(b)**

Mr. Hall moves for reconsideration under Rule 60(b)(6).  (See dkt. no. 384 at 1; dkt. no. 385 at 1.)  Under Rule 60(b), a party may seek relief from an order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated;

5

```
   or applying it prospectively is no longer equitable; or
   (6) any other reason justifying relief.
```
FED R. CIV. P. 60(b).

In the Second Circuit, the "'proper case' for Rule 60(b)(6) relief is one of 'extraordinary circumstances' or 'extreme hardship.'" Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (quoting United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977)). This standard presents an extremely high bar for relief. See, e.g. Moskowitz v. Coscette, 51 F. App'x 37, 38 (2d Cir. 2002) (summary order) (finding that the dual representation of both a municipality and a police chief that could have raised conflicts of interest did not amount to an "extraordinary circumstance" justifying reconsideration).

Such extraordinary relief is only available when the Rule 60(b) motion attacks the integrity of the habeas proceeding rather than the underlying state court conviction. Harris, 367 F.3d at 77 (noting that such a requirement prevents unsuccessful habeas petitioners from bypassing AEDPA procedures); see also Musa v. United States, 502 F. Supp. 3d 803, 816 (S.D.N.Y. 2020) (finding that petitioner's argument regarding the fairness of his sentence attacked his underlying sentencing proceeding rather than the habeas denial and was thus "beyond the scope of Rule 60(b)" (internal quotations omitted)); Monroe v. Griffin, 2023 WL 4667252, at *2 (E.D.N.Y. July 20, 2023) (denying a Rule 60(b)

6

motion challenging the inclusion of a weapons charge at trial because such challenge was to the underlying conviction rather than the habeas proceeding).

Here, Mr. Hall's arguments focus entirely on his underlying state court conviction rather than the propriety of his habeas proceedings. Mr. Hall's assertion that his counsel's statements regarding his § 330.30 motion amount to fraud and perjury are directed at representations made during his direct appeal in state court, not the habeas proceeding. Because Mr. Hall's appellate counsel made the representations at issue to the Appellate Division, as opposed to this Court during habeas proceedings, they fall outside of the scope of Rule 60(b) analysis.

Further, a petitioner who seeks relief under Rule 60(b)(6) must do so within a reasonable time. See Fed R. Civ. P. 60(c)(1). The reasonableness inquiry is an "elastic concept" through which the Court considers the particular circumstances of the case. Saleh v. United States, 2014 WL 3855022, at *3 (S.D.N.Y. July 31, 2014) (citing PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983)). Courts assess reasonableness by balancing the interest in finality and the reasons for delay. Chen v. United States, 2015 WL 519617, at *3 (S.D.N.Y. Feb. 3, 2016) (quoting Saleh, 2014 WL 3855022, at *3).

Courts in the Second Circuit have held that waiting several years to file a 60(b)(6) motion following denial of a habeas

7

petition constitutes an unreasonable delay. See, e.g., Kellog v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (finding that "conditions of confinement" did not justify an unreasonable delay of twenty-six months between habeas denial and the motion for reconsideration); Saleh, 2014 WL 3855022, at *3 ("[Delay of] seventeen years after entry of a judgment of conviction and nine years after denial of his first habeas application is beyond the pale.").

Here, a New York County jury found Mr. Hall guilty of the underlying offenses nineteen years ago. (See dkt. no. 1 at 3.) It has been nearly a decade since this Court denied his habeas petition, (see dkt. no. 330), and over two years have passed since the Court denied Mr. Hall's second motion for reconsideration, (see dkt. no. 370). Mr. Hall's confinement does not justify such an unreasonable delay. See Kellog, 269 F.3d at 104. Accordingly, Mr. Hall's motion pursuant to Rule 60(b)(6) is denied not only because it is improper, but because it is untimely.

    b.   **Rule 60(d)**

Additionally, Mr. Hall asks the Court to set aside his denial of habeas corpus relief for "fraud on the court" under Rule 60(d)(3). Rule 60(d) relief is an extraordinary remedy that is narrow in scope. See LinkCo, Inc. v. Naoyuki Akikusa, 367 F. App'x 180, 182 (2d Cir. 2010) (summary order) (quoting Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir. 1988)). To sustain a Rule

8

60(d)(3) motion, the movant must demonstrate "a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995) (internal citations omitted).  Such fraud prevents a party from fully and fairly representing his case before the court.  See Anderson v. New York, 2012 WL 4513410, at *4 (S.D.N.Y. Oct. 2, 2012).  Mr. Hall bears the burden of establishing fraud on the court by clear and convincing evidence.  See King v. First Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002).

Mr. Hall contends that his appellate counsel committed perjury and fraud on the court by submitting a letter claiming that his § 330.30 motion was included in the record on direct appeal in the New York Appellate Division and that the record on appeal was proper. (See dkt. no 384 at 5, 8.)  However, Mr. Hall has failed to provide any evidence beyond conclusory statements that the record lacked his § 330.30 motion or that his state court counsel acted improperly by stating that the motion was included in the record.  In fact, Judge Fox already found that Mr. Hall's assertion about state court counsel's fraud is without merit because, Judge Fox concluded, Mr. Hall's § 330.30 motion in fact became part of the appellate record when Mr. Hall filed it during sentencing proceedings in state court.  (See dkt. no. 253 at 15.)

Mr. Hall's state court appellate counsel also acknowledged the § 330.30 motion papers "as part of the record on appeal[,]" in an affirmation he submitted in response to Hall's motion in state court for coram nobis relief, further supporting the conclusion that the motion was, in fact, part of the record. (See dkt. no. 253 at 16.)  Furthermore, Mr. Hall's state court counsel was aware of the post-trial motion as part of the record on appeal and incorporated its arguments into his appellate brief. (See id.) It is evident from Mr. Hall's significant history before this Court that the record on appeal contained his § 330.30 and his assertion of fraud on the court is without merit.

Accordingly, Mr. Hall has failed to establish any officers of the court perpetrated fraud to warrant Rule 60(d)(3) relief from this Court's habeas corpus decision. See Hadges, 48 F.3d at 1325; King, 287 F.3d at 95.

### III. Conclusion

For the foregoing reasons, Mr. Hall's motion for reconsideration under Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3) is denied.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and

10

therefore in forma pauperis status is denied for the purposes of appeal.

The Clerk of Court shall close docket entry number 384 and mail a copy of this order to Mr. Hall and note service on the docket.

**SO ORDERED.**

Dated:   October 9, 2024
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge