```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| RALPH HALL,<br><br>                    Petitioner,<br><br>-against-<br><br>DARWIN LE CLAIRE & NORMAN BEZIO,<br><br>                    Respondents. | 10-cv-3877 (LAP)<br><br>OPINION AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

　　Before the Court is Petitioner Ralph Hall's pro se motion to vacate the Court's October 9, 2024 Order.  (See dkt. no. 399 [the "Motion to Vacate"].)  On October 9, 2024, the Court denied Petitioner's challenge to the Court's prior order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254, pertaining to his 2005 state court conviction.  (See dkt. no. 396.)  On March 15, 2025, Respondents filed a letter opposing Petitioner's Motion to Vacate.  (See dkt. no. 403.)  For the reasons set forth below, Petitioner's Motion to Vacate is DENIED.

　　I.　**Background**

　　The Court assumes familiarity with the background of this case as set forth in prior orders but recounts some of the relevant procedural history below.

　　**a. Section 330.30 Motion**

　　On October 7, 2005, a jury in New York County convicted Mr. Hall of murder, attempted murder, robbery, weapon possession, and

1

attempted assault. (See dkt. no. 1 at 4.) While awaiting sentencing, Mr. Hall moved to set aside his conviction under Criminal Procedure Law (CPL) § 330.30. (See dkt. no. 125.) The State Supreme Court judge denied the motion. (See dkt. no. 255 at 5.)

### b. Section 2254 Proceedings

On May 11, 2020, Mr. Hall filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See dkt. no. 1.) In his petition, Mr. Hall alleged that his conviction was obtained unlawfully because his pro se § 330.30 motion was not a part of the appellate record and thus could not be reviewed by the appellate court. (See dkt. no. 253 at 1, 14.) This Court, in adopting Magistrate Judge Kevin N. Fox's Report and Recommendation, denied Mr. Hall's petition. The Court found that Mr. Hall's claims regarding the availability of trial court records and the alleged failure of the appellate court to review them were unsupported by any factual allegations. (See dkt. no. 330 at 13.)

Notably, the Court found that the § 330.30 motion and other trial court records at issue "were on the record" for Mr. Hall's direct appeal in the New York State Appellate Division. (Id.) Mr. Hall's habeas counsel submitted an affirmation to the Appellate Division stating that he was "provided with the [§ 330.30] motion papers as part of the record on appeal." (See dkt. no. 253 at 15.) According to Judge Fox's Report and

Recommendation, Mr. Hall's counsel "incorporated [the § 330.30 motion's arguments] into the appellate brief." (See id. at 16.) In adopting Judge Fox's Report and Recommendation, this Court held that Mr. Hall failed to provide evidence beyond conclusory statements that his § 330.30 motion was not part of the record in his state court appeal. (See dkt. no. 330 at 13.)

### c. First Motion for Reconsideration

In his first motion for reconsideration, dated November 5, 2015, Mr. Hall argued that the Court had not considered all of the issues raised in his various habeas corpus submissions. The Court denied Mr. Hall's motion, holding that it had adjudicated all of his asserted grounds for relief and Mr. Hall had not shown that the Court overlooked any controlling law or facts. (See dkt. no. 370 at 10.) Further, the Court held that Mr. Hall had not demonstrated any facts pointing to extraordinary circumstances that existed to warrant the relief he sought. (See id.)

### d. Second Motion for Reconsideration

Mr. Hall filed a second motion for reconsideration on December 28, 2021, in which he argued that the state court included his § 330.30 motion in the "'unappealable' intrinsic judgment roll record" as opposed to the "appealable extrinsic record" and, therefore, his judgment was obtained by fraud. (See dkt. no. 377 at 3-4.) The Court denied this second motion for reconsideration, holding that Mr. Hall failed to demonstrate "that extraordinary

3

circumstances warrant the reopening of his proceeding." (Dkt. no. 379 at 3-4.)

### e. Third Motion for Reconsideration

By a series of papers, Mr. Hall filed a third motion for reconsideration on April 5, 2024. (See dkt. nos. 384-86, 388.) Mr. Hall once again asked the Court to reverse its denial of the habeas petition he filed in 2010. Mr. Hall sought relief pursuant to Federal Rule of Civil Procedure 60 subsections (b)(6) and (d)(3). The Court denied this third motion for reconsideration, holding that Mr. Hall failed to establish that any officers of the court perpetrated fraud to warrant relief. (See dkt. no. 396 at 10.)

### f. Fourth Motion for Reconsideration

Mr. Hall filed the instant motion for reconsideration on October 21, 2024. (See dkt. no. 399.) Mr. Hall once more asks the Court to reverse its denial of the habeas petition he filed in 2010. Mr. Hall seeks relief pursuant to Federal Rule of Civil Procedure 60 subsections (d)(1) and (d)(3).[1]

---

[1] In Petitioner's motion, he partially relies on Rule 33, which is not applicable. Federal Rule of Civil Procedure 33 governs interrogatories, and Federal Rule of Criminal Procedure 33 governs motions for new trial. Because Petitioner is before the Court pro se, the Court will construe this motion liberally and as raising the strongest argument it suggests. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

4

Mr. Hall argues that the § 330.30 motion filed in New York state court was absent from the record during his direct appeal in the New York State Appellate Division, amounting to perjury and fraud on the court. (See dkt. no. 399 ¶¶ 5, 13-14.)  Specifically, Mr. Hall alleges that his appellate attorney committed fraud on the court because Mr. Hall's § 330.30 motion was absent from the record on direct appeal, (see id. ¶ 5), and perjury by claiming that the record was proper, (see id. ¶ 13).

The New York County District Attorney's office filed its opposition by letter on March 14, 2025, arguing that the fraud alleged by Petitioner is the same fraud that this Court rejected when ruling on Petitioner's third motion for reconsideration. (See dkt. no. 403 at 2.)

## II.  Discussion

The Court construes pro se motions liberally and interprets them to raise the strongest arguments they suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (citations omitted).  However, a pro se litigant is still expected to comply with the relevant procedural rules of Rule 60(b).  See Azkour v. Little Rest Twelve, 2017 WL 1609125, at *4 (S.D.N.Y. April 28, 2017) (noting the statute of limitations for Rule 60(b) motions is absolute even if the plaintiff is bringing the motion pro se).

### a. Rule 60(d)(3)

Mr. Hall moves for vacatur under Rule 60(d)(3). (See dkt. no. 399 at 1.) Under Rule 60(d)(3), a district court has the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "[T]o sustain an independent action for fraud on the court, a plaintiff must prove, by clear and convincing evidence, that [1] the defendant interfered with the judicial system's ability to adjudicate impartially and that [2] the acts of the defendant must have been of such a nature as to have prevented the plaintiff from fully and fairly presenting a case or defense." Marco Destin, Inc. v. Levy, 690 F. Supp. 3d 182, 191 (S.D.N.Y. 2023), aff'd, 111 F.4th 214 (2d Cir. 2024), cert. denied, 145 S. Ct. 1313 (2025) (citing Mazzei v. The Money Store, 62 F.4th 88, 93-94 (2d Cir. 2023)). Rule 60(d)(3) relief is an extraordinary remedy that is narrow in scope. See LinkCo, Inc. v. Naoyuki Akikusa, 367 F. App'x 180, 182 (2d Cir. 2010) (summary order) (quoting Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir. 1988)).

In the Second Circuit, "'the type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion' under Rule 60(b)(3) for fraud on an adverse party." King v. First Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002) (quoting Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir. 1988)). To sustain a Rule 60(d)(3) motion, the movant must

6

demonstrate "a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995) (internal citations omitted). Such fraud prevents a party from fully and fairly representing his case before the court. See Anderson v. New York, 2012 WL 4513410, at *4 (S.D.N.Y Oct. 2, 2012). This fraud must be proven by clear and convincing evidence. Marco Destin, Inc. v. Levy, 690 F. Supp. 3d 182, 191 (S.D.N.Y. 2023), aff'd, 111 F.4th 214 (2d Cir. 2024), cert. denied, 145 S. Ct. 1313 (2025).

Here, repeating the arguments made in his third motion for reconsideration, Mr. Hall claims that his appellate counsel committed perjury and fraud on the court by submitting a letter claiming that Mr. Hall's § 330.30 motion was included in the record on direct appeal in the New York Appellate Division and asserting that the record on appeal was proper. (See dkt. no. 399 ¶¶ 2, 16.) Mr. Hall further contends that his trial counsel failed to object to the alleged misrepresentation of his § 330.30 motion as a § 440.10 motion. (See id. ¶ 13.) Moreover, Mr. Hall alleges that his appellate counsel committed fraud by failing to include Petitioner's CPLR § 5525(c) motion filed June 1, 2006, and CPL § 460.70 motion filed September 15, 2008 on the record of appeal. (See id. ¶ 28.)

7

As the Court previously concluded, Mr. Hall has failed to provide any relevant evidence beyond conclusory statements that the record lacked his § 330.30 motion or that his state court counsel acted improperly by stating that the motion was included in the record. (See dkt. no. 399 ¶¶ 5, 13-14, 16, 20, 23, 24, 28, and 29.) Contrary to Petitioner's assertion that the Court adopted his prior counsel's statement without verification (dkt. no. 399 ¶ 23), Judge Fox previously determined that Mr. Hall's § 330.30 motion in fact became part of the appellate record when Mr. Hall filed it during sentencing proceedings in state court. (See dkt. no. 253 at 15.)

Additionally, Mr. Hall's state court appellate counsel acknowledged the § 330.30 motion papers "as part of the record on appeal" in an affirmation he submitted in response to Hall's motion in state court for coram nobis relief, further supporting the conclusion that the motion was, in fact, part of the record. (See dkt. no. 253 at 16.) Furthermore, Mr. Hall's state court counsel was aware of the post-trial motion as part of the record on appeal and incorporated its arguments into his appellate brief. (See id.) As the Court previously explained, it is evident from Mr. Hall's significant history before this Court that the record on appeal contained his § 330.30 and his assertion of fraud on the court is without merit. (Dkt. no. 396 at 10.)

8

Lastly, Petitioner claims that his CPLR § 5525(c) and CPL § 460.70(2) motions are both absent from his appellate record. (See dkt. no. 399 ¶ 19.) However, Petitioner does not provide any documentation to support this conclusory statement. Petitioner states that "a mere inspection for completeness of the record" would be sufficient to prove the fraud he alleges but then fails to attach the record to provide some evidence of those documents missing from it. (See dkt. no. 399 at 20.) Thus, Petitioner has failed to meet his burden to provide "clear and convincing evidence" that any fraud transpired to justify the grant of a motion for vacatur under Rule 60(d)(3), even when his papers are taken for the "best possible argument." Levy, 690 F. Supp. 3d at 191; Bertin, 478 F.3d at 491.

### b. Rule 60(d)(1)

Petitioner also cites Rule 60(d)(1) as grounds to grant his motion for vacatur. (See dkt. no. 399 ¶ 1.) Rule 60(d)(1) states that Rule 60 "does not limit a court's power to: entertain an independent action to relieve a part from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Under Rule 60(d)(3), movants must "(1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief." See Wright

v. Poole, 81 F. Supp. 3d 280, 293 (S.D.N.Y. 2014) (quoting Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 661 (2d Cir.1997)), aff'd sub nom.).

In determining whether to entertain independent actions for relief, the Court "exercises discretion" and "looks to traditional equitable principles." See Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 661 (2d Cir. 1997), aff'd sub nom. The movant must show "that permitting the judgment to stand would be a grave miscarriage of justice." See Wright, 81 F. Supp. 3d 280, 293 (S.D.N.Y. 2014) (quoting LinkCo, Inc. v. Akikusa, 615 F.Supp.2d 32 at 135 (S.D.N.Y. 2004)).

Here, Petitioner only alleges fraud as a basis for relief under Rule 60(d)(1). (See dkt. no. 399 ¶¶ 5, 13-14, 16, 20, 23, 24, 28, and 29.) As discussed at length supra, Petitioner has failed to provide any relevant evidence beyond conclusory statements of this alleged fraud, and there exists compelling evidence to the contrary. (See dkt. no. 253 at 15, 16.) Therefore, Petitioner has failed to demonstrate the third element of Rule 60(d)(1), a recognized ground for the equitable relief.

**c. Ineffective Assistance Claim**

Lastly, in addition to attacking the judgment with respect to his habeas petition, Petitioner collaterally attacks the state court judgment pursuant to which Petitioner is in custody by claiming that he received ineffective assistance from his trial

10

and appellate counsel.  (See dkt. no. 399 ¶¶ 4-12.)  When a Rule 60(b) motion "includes one or more claims that appear to constitute a second collateral attack on the same conviction," rendering the motion a "second or successive" habeas petition, the district court has two options: (1) inform petitioner "of the district court's intent to transfer" the case to the Court of Appeals and afford the petitioner "a sufficient opportunity to avoid the transfer by withdrawing" the motion or (2) deny that portion of the motion attacking the underlying conviction as beyond the scope of Rule 60.  Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002). Here, Petitioner makes a claim for "violation of the sixth amendment right to the effective assistance of counsel" to attack the integrity of his previous habeas proceeding.  (See dkt. no. 399 ¶¶ 6-8.)  Since the ineffective assistance claim attacks the underlying criminal conviction, it is beyond the scope of the present Rule 60(b) motion.  See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004).

### III. Conclusion

For the aforementioned reasons, Petitioner's Motion to Vacate (dkt. no. 399) is DENIED.  The Clerk of the Court is respectfully directed to close docket entry 399.

**SO ORDERED.**

Dated:    August 6, 2025
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge